UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY GERGEN,

    Plaintiff,

v.                                        CASE NO. 1:09-CV-127

CITY OF KENTWOOD, JAN          HON. ROBERT HOLMES BELL
HOLLINRAKE, and LISA
SONEGO,

    Defendants.
_____/

## OPINION

On February 13, 2009, Plaintiff Dorothy Gergen filed a complaint against Defendants City of Kentwood, Jan Hollinrake and Lisa Sonego alleging claims for failure to accommodate, discrimination, and interference under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Counts I, II, and VI), and claims for failure to accommodate, discrimination, and retaliation under the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), Mich. Comp. Laws § 37.1101 et seq. (Counts III, IV and V). Defendants have filed a motion for summary judgment on these claims. (Dkt. No. 32.) For the reasons that follow, this motion will be granted.

### I. Factual Background

The City of Kentwood first hired Plaintiff in 1999. In November of 2007, Plaintiff

applied for and obtained a position as a clerk/cashier assigned to both the Treasurer and Assessor Departments of the Kentwood City Hall.  An important part of Plaintiff's job was servicing the customer counters and interacting face-to-face with the public, activities that occupied approximately thirty percent of Plaintiff's work time.  Plaintiff was also required to answer telephones, open mail, and complete various tasks related to the city's finances. Generally three to five employees worked alongside Plaintiff at the Treasurer and Assessor customer counters.

Plaintiff suffers from conditions known as reactive airways disease ("RAD") and perennial allergic rhinitis. Contact with cigarette smoke, including interacting with someone who has been smoking, triggers Plaintiff's symptoms.  Plaintiff's eyes itch, cry, and burn, her nose itches, and her throat becomes dry and scratchy.  In addition, her throat begins to close and she begins to experience chest pains.  Though Plaintiff's adverse reactions to cigarette smoke began in the late nineties, they have become progressively worse.

On February 7, 2008, Plaintiff's physician, Dr. Norman A. Weber, informed her that she could no longer work at the Treasurer and Assessor customer counters, which were located near the City Hall front entrance, due to the possibility of exposure to smoke and interactions with customers that had been smoking.  Plaintiff conveyed Dr. Weber's opinion to her superiors, Defendant Lisa Sonego, Defendant Jan Hollinrake, and Debbie Ring, who expressed concern that Plaintiff's aversion to cigarette smoke would prevent her from performing other aspects of her job such as touching money, working the teller tube, and

2

transporting papers among departments. Plaintiff reiterated that counter work alone was the source of the problem. Plaintiff's requests to be reassigned to a part-time position or an accounting position were rejected because of the lack of availability of those positions.

On February 8, 2008, Defendant Sonego faxed Plaintiff's job description to Dr. Weber to obtain additional information on Plaintiff's condition and his recommended work restrictions. Dr. Weber called Defendant Sonego to explain his diagnoses in more detail, and suggested that Defendants install a plexiglass window at the Treasurer and Assessor customer service desks, which would shield Plaintiff from exposure to cigarette smoke. Defendants rejected this proposal as not feasible due to the layout of the customer service desks and the nature of the clerk/cashier position.

On February 11, 2008, Plaintiff was asked to report to Defendant Sonego's office. Defendant Sonego explained to Plaintiff that, in light of her inability to interact with individuals who had been smoking, she was no longer able to perform the essential functions of her position, and that she would be terminated effective immediately. Union representative Jim Beke, who accompanied Plaintiff to the meeting, asked if Plaintiff could work at a desk at the back of the office, but Defendant Hollinrake rejected this suggestion as an unsatisfactory arrangement. Defendants presented Plaintiff with a separation agreement which provided in part that Plaintiff would receive two weeks additional pay if she agreed to release the City from any liability relating to her discharge. Plaintiff declined to sign the agreement, and subsequently filed this lawsuit.

## II. Law and Analysis

Defendants move for summary judgment on all six of the claims set forth in Plaintiff's complaint. Defendants are entitled to summary judgment on these claims if the pleadings, discovery and affidavits show that there is no genuine issue of material fact for trial and that Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

*1. Plaintiff's Failure to Accommodate and Discrimination Claims under the ADA and PDCRA*

Plaintiff brings claims for discrimination and failure to accommodate under the ADA (Counts I and II), as well as discrimination and failure to accommodate under the PDCRA (Counts III and IV). Though styled in the complaint as separate claims, failure to accommodate is merely one subset of ADA discrimination claims, not an independent cause of action. 42 U.S.C. 12112(a), (b). Additionally, there is no dispute that the legal analysis of Plaintiff's PDCRA discrimination claim should follow the legal analysis of Plaintiff's ADA claim. *See Stevens v. Inland Waters, Inc.*, 559 N.W.2d 61, 63-64 (Mich. Ct. App. 1996). Thus, each claim identified in Counts I through IV of Plaintiff's complaint must be analyzed under the standard governing ADA discrimination claims, which, among other elements, requires a plaintiff to show that he or she is "disabled" within the meaning of the ADA. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 703 (6th Cir. 2008); *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 553 (6th Cir. 2008).

Plaintiff is disabled within the meaning of the ADA if she has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102.

Breathing is considered a "major life activity." 42 U.S.C. § 12102(2)(A). Thus, Plaintiff is disabled if her condition "substantially limits" her ability to breath.

In determining whether Plaintiff's condition "substantially limits" her ability to breath, the Court should consider: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact, or the expected permanent or long term impact, resulting from the impairment. 29 C.F.R. § 1630.2(j).

Plaintiff claims that, when she is exposed to smoke, or when she interacts with individuals who have been smoking, her eyes itch, cry and burn, her nose itches and runs, and her throat gets dry and scratchy. In addition, her throat starts to close and she experiences chest pains. Plaintiff's symptoms resemble those of individuals diagnosed with asthma or allergies, and although Plaintiff suffers primarily from RAD, the medical name given to Plaintiff's condition bears little to no significance in determining whether Plaintiff is disabled for purposes of the ADA. Rather, the proper focus is on the effect of the impairment on the life of the individual. 29 C.F.R. Pt. 1630 App'x ("The determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment . . . but rather on the effect of that impairment on the life of the individual."); *Bridges v. Reinhard*, No. 3:08CV253, 2008 WL 5412843, at *6 (E.D. Va. Dec. 29, 2008) (holding that the determination of whether plaintiff is substantially impaired in her breathing "is necessarily made on a case-by-case basis, particularly when the alleged impairment is

asthma or allergies.") Thus, ADA cases brought by plaintiffs claiming to have symptoms the same as or similar to Plaintiff's, whether those symptoms are labeled as asthma, allergies, or any other disease, are illustrative of whether Plaintiff's condition "substantially limits" her ability to breathe.

Many courts have held that sporadic episodes of breathing difficulty triggered by a specific noxious irritant, such as cigarette smoke, are not sufficient to qualify an individual as disabled within the meaning of the ADA when the individual is otherwise able to breathe without difficulty. *Lord v. Arizona*, 286 F. App'x 364, 365-66 (9th Cir. 2008) ("[Plaintiff] has presented evidence of impaired breathing only when she was exposed to particular allergens in particular places, not evidence of impaired breathing as a whole."); *Muller v. Costello*, 187 F.3d 298, 314 (2d Cir. 1999); *Boker v. Sec'y, Dept. of Treasury*, No. 1:07-CV-466, 2009 WL 3199074, at *5 (S.D. Ohio Sept. 29, 2009) ("Where a plaintiff suffers asthma attacks only in response to particular stimuli and is able to engage in almost all normal life activities, courts have been less likely to conclude that the plaintiff is substantially limited in the major life activity of breathing."); *Miles-Hickman v. David Powers Homes, Inc.*, 589 F. Supp. 2d 849, 862 (S.D. Tex 2008) ("[A breathing] impairment must rise to the level of substantially limiting, and occasional allergic or asthmatic reactions have not been found to rise to this level."); *Dunford v. Food Lion, Inc.*, No. CIV A 199CV00137, 2001 WL 902527, at *4 (W.D. Va. July 5, 2001) ("While [the plaintiff] claims to suffer from a chronic condition, its impact on her ability to breathe is transient and occurs only when she is

exposed to certain chemicals."); *Marshall v. AT&T, Inc.*, No. 3:94-CV-0858-H, 1996 WL 929599, at *3 (N.D. Tex. Aug. 13, 1996) ("[The plaintiff] admits that he suffered ill effects only when he was actually exposed to [the irritant]."); *see also Sebest v. Campbell City Sch. Dist. Bd. of Educ.*, 94 F. App'x 320, 325-26 (6th Cir. 2004) ("The record lacks any evidence that, when [the plaintiff] is not under stress or is not performing a strenuous activity, his breathing is significantly restricted."); *Ventura v. City of Independence*, No. 95-3582, 1997 WL 94688, at *2 (6th Cir. March 4, 1997) (finding it significant that the plaintiff's breathing difficulty "has not prevented him from playing baseball and football, performing calisthenics, walking, playing the saxophone, occasionally running, singing, and water skiing"); *Krinsky v. Abrams*, No. 01 CV 5052(SLT)(LB), 2007 WL 1541369, at *12 n.9 (E.D.N.Y. May 25, 2007) ("According to Plaintiff, his asthma and/or allergies only presented a problem under certain conditions or in certain locations (as he claimed his breathing was fine in the Courtroom). Courts have not viewed location specific medical problems of this type as disabilities under the ADA."); *Shah v. Upjohn Co.*, 922 F. Supp. 15, 25 (W.D. Mich. 1995); *cf. Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1251 (10th Cir. 2004) (finding the plaintiff's ability to breathe to be substantially limited where the plaintiff was required to avoid "a wide variety of everyday situations" including "crowds, night-time and outdoor activities, cigarette smoke, and perfumes"); *Russell v. Nat'l Amusements, Inc.*, No. 3:07-CV-3216, 2009 WL 262494, at *6 (N.D. Ohio Feb. 4, 2009) (finding the plaintiff's ability to breathe to be substantially limited where the plaintiff's condition "prevents him from participating in a wide range of activities").

Plaintiff does not inform the Court of how often, on a daily basis, she is subject to cigarette smoke, nor does she present evidence that an atypically high number of smokers visit the Kentwood City Hall. However, even if Plaintiff were to demonstrate that she frequently suffers episodes while at work, Plaintiff has not demonstrated, or even alleged, that her condition burdens her any appreciable portion of the day as a whole or substantially affects her life outside of work. *See Ventura*, 1997 WL 94688, at *2; *Minnix v. City of Chillicothe*, No. 98-4285, 2000 WL 191828, at *2 (6th Cir. Feb. 10, 2000); *Muller v. Costello*, 187 F.3d 298, 314 (2d Cir. 1999) (finding the plaintiff's evidence of disability "deficient" where the plaintiff experienced few, if any, "off-the-job breathing problems"). Plaintiff asserts merely that she suffers a transient adverse reaction when exposed to one specific noxious irritant with unknown prevalence at her workplace. The Court cannot conclude that this condition "substantially limits" Plaintiff's ability to engage in the major life activity of breathing. Since Plaintiff is not "disabled" within the meaning of the ADA, Defendants are entitled to summary judgment on the claims set forth in Counts I through IV of Plaintiff's complaint.

*2. Plaintiff's PDCRA Retaliation Claim*

Plaintiff's retaliation claim arises under Mich. Comp. Laws § 37.1602(a), which provides that no person shall retaliate against a person because the person has opposed a violation of the PDCRA or because the person has made a charge or participated in an investigation under the PDCRA. To succeed on a PDCRA retaliation claim, a plaintiff need not show that she is disabled. *See Bryson v. Regis Corp.*, 498 F.3d 561, 576-77 (6th Cir. 2007). Plaintiff must show that: (1) she engaged in protected activity, (2) that was known by

Defendants, (3) she suffered an adverse employment action, and (4) there is a causal connection between the protected activity and the adverse employment action. *Aho v. Dep't of Corrs.*, 688 N.W.2d 104, 108 (Mich. Ct. App. 2004). For purposes of the PDCRA, "protected activity" includes either: (1) opposing a violation of the PDCRA, or (2) making a charge, filing a complaint, or testifying, assisting, or participating in an investigation, proceeding, or hearing under the PDCRA. *Bachman v. Swan Harbor Ass'n*, 653 N.W.2d 415, 435 (Mich. Ct. App. 2002). To establish a causal connection between the protected activity and the adverse employment action, Plaintiff must demonstrate that her participation in the protected activity was a "significant factor" contributing to the adverse employment action, not merely that there was a causal link between the two. *Aho*, 688 N.W.2d at 109.

Plaintiff's pleadings and briefings suggest that Plaintiff believes that she was engaged in two protected activities prior to her termination. First, Plaintiff's complaint alleges that she was terminated because she attended a Kentwood City Commission meeting and requested an ordinance that would ban smoking in the city. This conduct does not fit within either category of "protected activity" recognized by the PDCRA. Plaintiff's request for a city-wide smoking ban does not amount to opposing a violation of the PDCRA, nor does it amount to making a charge, filing a complaint, or participating in an investigation under the PDCRA. Further, even if the Court were to conclude that Plaintiff's participation in the City Commission meeting was PDCRA protected activity, Plaintiff has not established a causal connection between her participation in the meeting and her termination. Plaintiff attended the meeting in 2007, several months before she was even hired for the job from which she

9

alleges she was wrongfully terminated, and Defendants knew of Plaintiff's involvement in the meeting when she was hired. In addition, Plaintiff herself testified that Defendants did not express any disagreement with her efforts to initiate a smoking ban. (Dkt. No. 33, Ex. E, at 30.) Under these circumstances, the Court cannot infer that Defendants fired Plaintiff for her efforts to initiate a smoking ban.

Second, Plaintiff's response brief to Defendants' motion for summary judgment suggests that she was terminated because she provided her employer with information about her condition and requested an accommodation. This conduct does not fit within either category of "protected activity" recognized by the PDCRA. In *Bachman v. Swan Harbor Association*, 653 N.W.2d 415 (Mich. Ct. App. 2002), a resident of an apartment complex sued the owner and operator for retaliation under the PDCRA. The plaintiff claimed that he requested various accommodations for his disability, and that the defendant retaliated against him for these requests by getting a judgment against him for rent. *Id.* at 434-36. After determining that the defendant did not violate the PDCRA by refusing the plaintiff's accommodation requests, the Michigan Court of Appeals held that the requests themselves did not constitute opposition to a violation of the PDCRA or making a charge, filing a complaint, or participating in an investigation under the PDCRA. *Id.* at 436. The court noted that "any request that plaintiff made . . . was merely a request for an accommodation," and nothing more. *Id.*

Similarly, in this case the Court has determined that Defendants did not violate the ADA or PDCRA by refusing Plaintiff's requests for an accommodation because Plaintiff is

not "disabled" within the meaning of the ADA. Thus, Plaintiff's accommodation requests do not constitute opposition to a PDCRA violation, nor do they constitute making a charge, filing a complaint, or participating in a PDCRA investigation. Any request that Plaintiff made was merely a request for an accommodation, and nothing more.

*3. Plaintiff's ADA interference claim*

Though Plaintiff does not clarify, her interference claim appears to arise under 42 U.S.C. § 12203(b), which provides that "it shall be unlawful to . . . interfere with any individual in the exercise or enjoyment of . . . any right granted or protected by this chapter." Though Defendants have moved for summary judgment on this claim, Plaintiff does not mention it in her response brief. Thus, the only allegations pertaining to this claim appear in Plaintiff's complaint, which is somewhat cryptic. Plaintiff seems to be arguing that Defendants somehow interfered with her legal rights by offering her a separation agreement, which included a covenant not to sue. However, there is nothing inherently objectionable about an employer offering an employee a separation agreement that the employee is free to accept or reject, as was the case here. *See EEOC v. SunDance Rehab. Corp.*, 466 F.3d 490, 500-01 (6th Cir. 2006). Plaintiff has failed to demonstrate that Defendants interfered with her rights under the ADA.

### III. Conclusion

Plaintiff's allegations that she suffered from transient episodes of breathing difficulty are not sufficient to qualify Plaintiff as "disabled" within the meaning of the ADA, and for this reason Defendants are entitled to summary judgment on Counts I-IV of Plaintiff's

complaint. Defendants are entitled to summary judgment on Count V of Plaintiff's complaint because she has failed to demonstrate that she was engaged in protected activity, or, even if she was engaged in protected activity, that there is a causal connection between the protected activity and her termination. Finally, Defendants are entitled to summary judgment on Count VI of Plaintiff's complaint because Plaintiff has failed to demonstrate that Defendants interfered with her rights under the ADA. An order and judgment consistent with this opinion shall be entered.


Dated: <u>May 18, 2010</u>　　　　　　　　　　　　　<u>/s/ Robert Holmes Bell            </u>
　　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE